IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMAS-MARTIN HAPPLE, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :   Civ. No. 23-1402-GBW |
| | : |
| ANDREW WUBBENHORST, *et al.*, | : |
| | : |
| Defendants. | : |

Thomas-Martin Happle, Millsboro, Delaware – *Pro se* Plaintiff

Jonathan D. Landua, KENT & MCBRIDE, PC, Wilmington, Delaware – Counsel for Defendant Andrew Wubbenhorst[1]

**MEMORANDUM OPINION**

January 7, 2025
Wilmington, Delaware

---

[1] Counsel has not entered appearance on behalf of Defendants Kim Kassar and Criger's Towing, Inc., and the record does not reflect that these Defendants have been served, contrary to the Court's March 12, 2024 instructions to Plaintiff. (D.I. 5.) This matter is further addressed in this Memorandum Opinion and the corresponding Order.



**WILLIAMS, U.S. District Judge:**

## I. INTRODUCTION

On December 7, 2023, Plaintiff Thomas-Martin Happle, initiated this *pro se* action, bringing claims by way of Complaint against Defendants Andrew Wubbenhorst, Kim Kassar, and Criger's Towing, Inc. (D.I. 1.) Now pending before the Court is Defendant Wubbenhorst's Motion to Dismiss (D.I. 12), to which Plaintiff has responded in opposition (D.I. 13). Also pending before the Court is Plaintiff's Motion to Move this Matter into an Article III, Section 1 Court of Equity (D.I. 13), which Defendant Wubbenhorst opposes (D.I. 14).

## II. BACKGROUND

According to the Complaint, on or about December 5, 2023, in Millsboro, Delaware, unspecified Defendants committed "armed deprivation of rights," "armed kidnapping," and "violation of oath of office" under color of law, in violation of 18 U.S.C. §§ 241,[2] 242,[3] 1201,[4] and 3571,[5] as well as "violation of trust law in common" pursuant to common law, unspecified sections of the Uniform Commercial Code (UCC), or another unspecified source of law. (D.I. 1 at 3-4.)

---

[2] 18 U.S.C. § 241 prohibits conspiracies infringing upon rights.
[3] 18 U.S.C. § 242 prohibits deprivation of rights under color of law.
[4] 18 U.S.C. § 1201 prohibits kidnapping.
[5] 18 U.S.C. § 3571 sets out the potential fines imposed upon federal defendants who are found guilty of infractions, misdemeanors, and felony offenses.

The Complaint asserts that a municipal court violated Plaintiff's constitutional rights, "kidnapped, held against will, extorted funds, levied fines," and may have impinged upon Plaintiff's right to travel. (*Id.* at 6.) The Complaint provides no additional details regarding the facts underlying these assertions or how Defendants were involved specifically.[6]

The Complaint further asserts that unspecified "charges were submitted with proof of service[,] and they went unanswered" by unspecified parties. (*Id.* at 4.) The Complaint asserts that Plaintiff is entitled to judgment on this basis. (*Id.* at 4-5.) An exhibit attached to the Complaint suggests that Plaintiff may have mailed documents titled, "3rd NOTICE OF DEFAULT, OPPORTUNITY TO CURE," along

---

[6] According to Plaintiff's response to Defendant's dismissal motion, it appears that Defendant Wubbenhorst was a judge and Defendant Kassar was a prosecutor in a Lincoln Park, New Jersey Municipal Court proceeding against Plaintiff that may have involved Plaintiff receiving a ticket, a lien on his property, and/or his car being towed. (D.I. 13 at 2-4.)
According to Plaintiff's response, "forc[ing] someone into a contract, like a ticket" is a criminal act that qualifies as slavery, and "put[ting] a lien on [Plaintiff's r]ights" violates the United States Constitution because Constitutional rights are un-a-lien-able. (*Id.* at 4.) Furthermore, Defendants violated Plaintiff's right to travel by "tow[ing his] property and kidnap[ing his] son." (*Id.* at 3.) Additionally, the "Lincoln Park Police and the Municipal Court are heavily fortified," which constitutes armed abuse of authority. (*Id.*) Finally, Defendants Wubbenhorst and Kassar allegedly instruct police officers to use emergency lights and sirens in non-emergent circumstances, and they "violate their [oath of office] every time they are in the Lincoln Park Municipal Court" because the oath of office "to the Constitution and [the oath] to the Bar are in direct conflict with each other." (*Id.*)

2

with invoices for $5,055,000 in penalty fees, to Defendants Wubbenhorst and Kassar. (D.I. 1-1.)

Based on the foregoing, the Complaint seeks relief as follows: money damages in the amount of $5,055,000; "force compliance of presentments sent and unanswered after final notice 10 days;" "force compliance of removal of driving abstract from DMV-State of New Jersey in total or part;" "removal and disbarment (striking off) due to incompetence of Kim Kassar and Andrew Wubbenhorst;" and summary judgment. (D.I. 1 at 7.)

## III.  LEGAL STANDARD

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more

3

than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## IV. DISCUSSION

Upon review of the Complaint, and with the benefit of adversarial briefing, the Court concludes that the Complaint fails to state a claim upon which relief can be granted. Accordingly, Federal Rule of Civil Procedure 12(b)(6) warrants

4

dismissal of this action. The Complaint contains a series of assertions and legal conclusions with no factual details regarding the specific events alleged to have occurred or the parties involved. The Complaint does mention an unspecified municipal court which has not been named as a party to this action. (D.I. 1 at 6.) As such, the Complaint's bald assertions and legal conclusions are unsupported by factual allegations, and Federal Rule of Civil Procedure 12(b)(6) warrants their dismissal. *See Iqbal*, 556 U.S. at 679.

The allegations in the Complaint also do not meet the notice of pleading standard set out in Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim showing that the pleader in entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). To satisfy the notice of pleading standard, the Complaint must state "enough facts to render it plausible that each defendant individually has performed at least one type of" violation alleged against that defendant. *Bench Walk Lighting LLC v. LG Innotek Co.*, 530 F. Supp. 3d 468, 488 (D. Del. 2021). At present, the Complaint contains virtually no factual allegations and no discernible reference to the individual parties named as Defendants in this action.

Moreover, dismissal is warranted, and amendment is futile, for any claim alleged against any Defendant that is based on a criminal law not conferring a private right of action. Private parties, such as Plaintiff, have no right to enforce criminal statutes. *See Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981) (per curiam); *see also*

*United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996). Additionally, having reviewed Plaintiff's response to the dismissal motion, as well as the Complaint, the Court gleans no possible basis from the facts alleged for any claim involving slavery, kidnapping, extortion, firearms offenses, violation of oath, abuse of power, or deprivation of rights under color of law. (D.I. 1, 13.) Plaintiff's filings are likewise devoid of factual allegations from which a constitutionally protected travel, UCC-related, or trust-related claim can be reasonably inferred.

Furthermore, to the extent that Plaintiff intends to assert claims against Defendant Wubbenhorst based on his performance of duties as a judicial officer, dismissal of Defendant Wubbenhorst as a party to this action is warranted, and amendment is futile. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)).

Finally, dismissal of Defendants Kassar and Criger's Towing is warranted, because Plaintiff was ordered in March 2024 to show cause why this matter should not be dismissed for failure to perfect service of process and, as of this date, nothing of record indicates that Defendants Kassar and Criger's Towing have been served with process. (D.I. 5, 6.)

## V. CONCLUSION

For the reasons discussed above, the Court grants Defendant Wubbenhorst's Motion to Dismiss. (D.I. 12.) The Complaint fails to state a claim upon which relief can be granted, and amendment is futile. (*See* D.I. 1, 13.) The Court denies as moot Plaintiff's Motion to Move this Matter into an Article III, Section 1 Court of Equity. (D.I. 13.)

An appropriate Order will be entered.